UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
LABORERS PENSION TRUST FUND - DETROIT & VICINITY; MICHIGAN
LABORERS VACATION FUND; LABORERS METROPOLITAN DETROIT
HEALTH & WELFARE FUND; and the MICHIGAN LABORERS TRAINING
FUND, trust funds established under, and administered pursuant to, federal law,

  Plaintiffs,

v.           Case No.
            Hon.
GAYANGA CO., LLC, d/b/a GAYANGA CO.,

  Defendant.

_____/

## COMPLAINT

PLAINTIFFS allege the following:

1. Plaintiffs are the Trustees for trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §186, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001, *et seq.*, with principal offices located in this judicial district.

2. Defendant is a Michigan limited liability company, doing business in the building construction industry, an industry affecting commerce within the

1

meaning of LMRA, with principal place of business located in this judicial district.

3.    Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. §185, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), 1132(g)(2) and 1145, respectively, this being a suit for breach of the wage and fringe benefit provisions of collective bargaining agreements which the defendant, as employer, entered into with Local Unions1076 and/or 1191 of the Laborers International Union of North America, AFL-CIO (hereinafter collectively the "Laborers Union"), labor organizations representing employees in a industry affecting commerce, with principal offices located in this judicial district.

4.    Pursuant to the aforementioned collective bargaining agreements, copies of which are in its possession, the defendant was and is obligated to pay specific wage rates and make contributions for fringe benefits (e.g., medical coverage for eligible participant employees and their families, pensions, vacation and holiday pay, and annuity benefits) for, or with respect to work performed by, those of their employees who are or have been represented by the Laborers Union, which contributions should have been paid directly to plaintiffs.

5.    Pursuant to ERISA Section 209(a), 29 U.S.C. §1059(a), and the collective bargaining agreements and trust agreements incorporated by reference therein, defendant is obligated to maintain records sufficient to determine the

2

benefits due or which may become due to its employees represented by the Laborers Union via contributions to plaintiffs, and to submit to periodic audits by plaintiffs of its books and records to confirm the accuracy and timeliness of such employee wages and contributions to plaintiffs.

6.     An audit of defendant for the period of January 2020 through December 2022 revealed delinquencies in fund contributions in the amount of $14,695.41, plus liquidated damages and audit assessments in the amount of $8,494.75, for a total outstanding debt owed to the Funds of $23,190.16.

7.     On January 22, 2025, the plaintiffs and defendant signed a settlement agreement (copy attached) under the plaintiffs agreed to accept, in full satisfaction of the audit, payment of $18,942.79 in three monthly payments of $6,314.26, $6,314.26, and $6,314.27 on February 1, 2025, March 1, 2025, and April 1, 2025, respectively.

8.     In addition to the payment of $18,942.79, as a condition of the settlement agreement, defendant was required to (a) timely prepare and submit to the plaintiffs its fringe benefit contribution reports under the Collective Bargaining Agreement, and (b) remain absolutely current on payment of all fringe benefit contributions due and owing to the plaintiffs under the Collective Bargaining

Agreement during the payment period prescribed in Paragraph 7, above, and for an additional three months.

9.      Although defendant did pay the $18,942.79 owed under the terms of the settlement agreement, it failed to remain current during the payment period and for an additional three months thereafter.   Accordingly, it was in default under the terms of the settlement agreement.

10.     Under the settlement agreement, upon the occurrence of a Default, defendant consented to entry of a Judgment against it, and hereby waived any defenses, in law or equity, that it may have had, upon this Complaint brought by the plaintiffs in the United States District Court for the Eastern District of Michigan: (a) ordering payment by defendant to the plaintiffs of the entire unreduced amount owed by defendant, $23,190.16, less all payments made pursuant to the settlement agreement, and (b) ordering payment by defendant to the plaintiffs of statutory prejudgment interest, costs and attorneys' fees.

11.     Defendant's indebtedness to plaintiffs for fringe benefit contributions (including contractual late payment charges or liquidated damages) for the period from January 2023 through present is unknown and cannot be determined until defendant submits all necessary books and records for inspection and audit.

WHEREFORE, plaintiffs request that this Court enter judgment in their favor and against defendant as follows:

A.      Adjudicating that defendant is contractually obligated to the plaintiffs pursuant to the collective bargaining agreements it entered into with the Laborers Union;

B.      Ordering defendant to specifically perform according to the provisions of such collective bargaining agreements;

C.      Entering Judgment against defendant in favor of the plaintiffs in the amount of $4,247.37, representing the difference between the amount owed by defendant pursuant to the audit, $23,190.16, less the $18,942.79 in payments it made pursuant to its settlement agreement, plus statutory interest, costs and attorneys' fees;

D.      Ordering defendant to submit to the plaintiffs any and all books and records needed by them to determine the amount of its indebtedness from January 2023 through present, and;

E.      Upon submission of a motion to amend, awarding the plaintiffs the amount of defendant's indebtedness for the period from January 2023 as ascertained by the above audit, plus liquidated damages, statutory interest, costs and attorney fees.

Respectfully submitted,

WATKINS, PAWLICK, CALATI & PRIFTI, PC

By:   /s/ George H. Kruszewski
      GEORGE H. KRUSZEWSKI P25857
      Attorney for Plaintiffs
      1423 E. Twelve Mile Road
      Madison Heights, Michigan 48071
      (248) 658-0800
      gkruszewski@wpcplaw.com

December 16, 2025

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), effective December_____, 2024, is entered into between the Laborers Pension Trust Fund - Detroit & Vicinity; Laborers Vacation & Holiday Trust Fund - Detroit & Vicinity; Laborers Metropolitan Detroit Health & Welfare Fund; and the Michigan Laborers Training Fund (collectively, the "Funds"), and Gayanga Company  ("Gayanga")

## RECITALS:

1.      Gayanga is party to collective bargaining agreements with Local Unions 1076 and/or 1191 of the Laborers International Union of North America, AFL-CIO (hereinafter collectively the "Laborers Union").

2.      An audit of Gayanga for the period of January, 2020 through December, 2022 revealed delinquencies in fund contributions in the amount of $14, 695.41,  plus liquidated damages and audit assessments in the amount of $8,494.75, for  a total outstanding debt owed to the Funds of $23,190.16.

3.      Gayanga does not have sufficient monies to satisfy its known indebtedness to the Funds.

4.      The Funds and Gayanga desire to fully settle and resolve the claims of the Funds upon the terms and conditions provided below:

NOW THEREFORE, it is agreed between the Funds and Gayanga that:

1.      Gayanga will pay the Funds the sum of $18,942.79 in three monthly payments of $6,314.26, $6,314.26, and $6,314.27 on February 1, 2025, March 1, 2025, and April 1, 2025, respectively. Payments will be made through a check made payable to the "Detroit Laborers Fringe Benefit Funds" and (unless otherwise instructed by the Funds) delivered to the attention of George H. Kruszewski, 1423 E. 12 Mile Road, Madison Heights, Michigan 48071.

2.      Contributions/Reports.  In addition to its payment obligation to the Funds under paragraph 1, Gayanga shall (a) timely prepare and submit to the Funds its fringe benefit contribution reports under the Collective Bargaining Agreement, and (b) remain absolutely current on payment of all fringe benefit contributions due and owing to the Funds under the Collective Bargaining Agreement during the payment period prescribed above and for an additional three months.

DEFAULT:

3.      Default.  A Default shall exist under this Agreement upon the failure of Gayanga to timely make any payment due under paragraphs 1 or 2 of this Agreement such that it is not received on or before its applicable due date, time being of the essence.

4.      Consent to Judgment based on Default.  Upon the occurrence of a Default under this Agreement, Gayanga consents to entry of a Judgment against it, and hereby waives any defenses, in law or equity, that it may have, upon a Complaint brought by the Funds in the United States District Court for the Eastern District of Michigan: (a) ordering payment by Gayanga to the Funds of the entire unreduced amount owed by Gayanga, $23,190.16, less all payments made pursuant to this Agreement, and (b) ordering payment by Gayanga to the Funds of statutory prejudgment interest, costs and attorneys fees.

1

5.      Non-Waiver.  No waiver of Default shall be effective unless in writing and signed by the Funds, and no waiver of any Default shall operate as a waiver of any other Default or of the same Default on a future occasion or of any such right. If any payment under this Agreement is late but nonetheless accepted by the Funds, such acceptance is not a waiver of the Funds' right for that delinquent payment or any subsequent delinquent payment.

6.      Notice.  Any notice to be given or served upon any of the parties relating to this Agreement, including, but not limited to, service of a Summons and Complaint following a Default, as provided under Paragraph 4 of this agreement, shall be sufficient if made in writing, by e-mail or upon deposit in the U.S. mail, postage prepaid to the parties respectively as set forth below (or to any other e-mail or address as to which any party so advises the other parties in writing):

|                    |                                          |
|--------------------|------------------------------------------|
| If to the Funds:   | George H. Kruszewski, Esq.               |
|                    | Watkins, Pawlick, Calati, and Prifti  PC |
|                    | Madison Heights, Michigan 48071          |
|                    | gkruszewski@wpcplaw.com                  |
|                    |                                          |
| If to Gayanga:     | Brian McKinney, President                |
|                    | Gayanga Company                          |
|                    | 1420 Washington Blvd. #301               |
|                    | Detroit, MI 48226                        |
|                    | brian@gayangaco.com                      |

7.      Authority.  Gayanga acknowledges and agrees that it has read this entire Agreement, that it fully and completely understands and comprehends its terms and that its terms are fair, reasonable and legally enforceable, that Gayanga has entered into this Agreement freely, voluntarily and knowingly without any duress or coercion, that Gayanga has been advised that it has the right to and should consult with legal counsel, that Gayanga has been provided with a meaningful opportunity to consult with legal counsel concerning this Agreement and that Gayanga has determined and elected, after being provided with a meaningful opportunity and sufficient and ample time with which to do so, not to consult with legal counsel, that Gayanga is entering into this Agreement based upon its own judgment, belief and knowledge and has not relied on any statements or explanations made by the Funds or its counsel, and that the individual executing this Agreement on behalf of Gayanga has the full right, power, authority and capacity to execute this Agreement and bind Gayanga to the terms of this Agreement.

8.      Counterparts/Signatures.  This Agreement can be executed in counterparts and together shall constitute one Agreement.  This Agreement can also be signed by facsimile signature or pdf e-mail signature and such signatures shall be fully binding and constitute original signatures for all purposes.

9.      Release.  Upon Gayanga's full compliance with the terms of this agreement, the Funds release and discharge Gayanga of any and all claims for contributions and/or liquidated damages for the period of time covered by the audit referenced above.  This release is without prejudice to the Funds' right to audit and collect any delinquent contributions and/or liquidated damages, costs, and attorneys' fees for the periods subsequent to said audit.

THIS AGREEMENT has been executed and is effective as of the date written above.

2

For the Funds:

Signed: _George H. Kruszewski_

Print Name: George H. Kruszewski

Their: Attorney

Dated: ___1/22/25___

Gayanga Company

Signed: _____

Print Name: Brian McKinney

Its: President

3